# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SUZETTE ACOSTA,

Plaintiff,

v.

BLACK GOLD COMPOST COMPANY, LLC, et al.,

Defendants.

Case No.  1:26-cv-03893-KES-EGC

**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

(Doc. 1)

On May 20, 2026, Plaintiff Suzette Acosta filed a complaint against Defendants Black Gold Compost Company, LLC and Black Gold Compost Holdings, Inc. asserting various state law claims.  (Doc. 1 at ¶¶ 118–64).

Plaintiff asserts this Court has subject matter jurisdiction under 28 U.S.C. § 1332.  (*Id.* ¶ 20).  The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction.").  The Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the proceeding, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are

"obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"). As described below, Plaintiff's complaint fails to sufficiently plead federal jurisdiction.

Title 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of section 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, a limited liability company ("LLC") is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business; the citizenship of all of its members must be alleged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611–12 (9th Cir. 2016); *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x. 62, 64–65 (9th Cir. 2011) (noting that if a member of an LLC is a limited partnership or LLC, a party must also identify the citizenship of each member of that limited partnership or LLC). The citizenship of an individual is "determined by [their] state of domicile, not [their] state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

Plaintiff did not allege the citizenship of the members or owners of Defendant Black Gold Compost Company, LLC. The complaint simply states Defendant Black Gold Compost Company, LLC "is a Florida limited liability company with its principal place of business [in Florida]". (Doc. 1 ¶ 20). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Because Plaintiff did not allege the citizenship of the LLC members or owners, the complaint fails to plead complete diversity to establish jurisdiction under section 1332. *See Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, No. 1:14–cv–01125–SAB, 2015 WL 6689261, at *3 (E.D. Cal. Oct. 28, 2015) (granting motion to dismiss where plaintiff's second amended complaint was "devoid of any mention of the citizenship of the owners of the LLC" because "failure to specify the state citizenship of the parties is fatal to the assertion of diversity jurisdiction"). Accordingly,

1.     Within **fourteen days** of the issuance of this order, Plaintiff **SHALL** show cause in

writing why their claims should not be dismissed for lack of subject matter jurisdiction.

2.      Alternatively, within **fourteen days**, Plaintiff may either file an amended complaint that contains allegations addressing the Court's jurisdiction and the issues identified in this order or may voluntarily dismiss their claims.

**Failure to comply with this order will result in a recommendation to the to-be-assigned district judge that the case be dismissed without prejudice due to lack of jurisdiction.**

IT IS SO ORDERED.

Dated:   **May 20, 2026**          _____
                                  UNITED STATES MAGISTRATE JUDGE